IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRY JOHNSON,

    Plaintiff,

v.                                                       Civ. No. 07-58 JP/LFG

CURRY COUNTY JUVENILE DETENTION
CENTER, LUCY DeLUNA, CURRY COUNTY
DETENTION OFFICER JUNE JORGENSON, and
COUNTY MANAGER DICK SMITH,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On April 17, 2007, Defendants Lucy DeLuna and Dick Smith filed Defendants DeLuna and Smith's Partial Motion to Dismiss and Memorandum in Support (Doc. No. 11).  Having reviewed the briefs and relevant law, the Court concludes that the partial motion to dismiss should be granted in part in that the following claims should be dismissed with prejudice:  1) the Title VII claims against Defendants DeLuna and Smith in their individual capacities, 2) the 42 U.S.C. §1983 claim based on retaliation, and 3) the 42 U.S.C. §1985(3) conspiracy claim.  Moreover, the Court determines that the Title VII claims brought against Defendant Jorgenson in her individual and official capacities should be dismissed *sua sponte* with prejudice.  Finally, the Court decides Plaintiff should be allowed to amend his Complaint for Damages (Doc. No. 1)to substitute the Board of Curry County Commissioners in place of Defendant Curry County Juvenile Detention Center and to allege the existence of an employment contract.

*A. The Complaint for Damages*

This is an employment discrimination case. Plaintiff is an African-American who was employed at the Curry County Juvenile Detention Center for eight years as a detention officer. He is suing the individual Defendants in both their official and individual capacities.

Plaintiff alleges that on June 6, 2005 Defendant DeLuna became head administrator of the Curry County Juvenile Detention Center. Plaintiff then alleges that on July 9, 2005 Defendant Jorgenson, a detention officer, made disparaging remarks about African-Americans. According to Plaintiff, he complained about the offensive language on August 1, 2005 and stated to Defendant DeLuna that he had contacted the Equal Employment Opportunity Office about the use of that kind of language in the workplace. Plaintiff contends that sometime in September 2005 Defendant DeLuna posted a memo on the bulletin board at the Curry County Juvenile Detention Center which stated that Plaintiff was under investigation and would, therefore, be placed on the day shift while the investigation was pending.

Plaintiff further asserts that he complained to Defendant Smith, the Curry County Manager, about the racial bias and discriminatory policies at the Curry County Juvenile Detention Center. Plaintiff alleges that he told Defendant Smith that he was going to file an Equal Employment Opportunity Commission complaint and thereafter Defendant Smith placed Plaintiff on administrative leave for three days.

Plaintiff also alleges that on October 13, 2005 he learned that both Defendants DeLuna and Jorgenson had been trying to bribe juvenile detainee, Orlando Salas, with extra privileges if Salas would file a false grievance against the Plaintiff accusing him of improper sexual conduct with a female juvenile detainee. According to Plaintiff, Salas verified that these actions had

occurred.  Plaintiff claims that although he complained to Assistant County Manager Lance Pyle about these bribery attempts, Defendant DeLuna continued in her employment.  Plaintiff subsequently resigned from his employment allegedly as a result of the emotional stress brought about by the actions of Defendants DeLuna and Jorgenson.

Plaintiff brings six Counts in his Complaint for Damages.  Count I is a racial discrimination and retaliation claim brought under 42 U.S.C. §1981 against all Defendants.  Count II is a Fourteenth Amendment equal protection claim brought under §1983 against Defendants DeLuna, Jorgenson, and Smith in which Plaintiff alleges both racial discrimination and retaliation.  Count III is a conspiracy claim brought under §1985(3) against Defendants DeLuna and Jorgenson for attempting to bribe Mr. Salas.  Count IV is a racial discrimination claim brought under Title VII against all Defendants.  Count V is a retaliation claim brought under Title VII against all Defendants.  Finally, Count VI is a racial discrimination and retaliation claim brought under the New Mexico Human Rights Act against all Defendants.

*B. The Standard for Deciding Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)*

In considering a motion to dismiss for failure to state a claim, the Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The Court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

*C. Discussion*

Defendants DeLuna and Smith argue first that Defendant Curry County Juvenile Detention Center is not a proper party because, as a matter of state law, only the Board of Curry County Commissioners has the capacity to be sued. *See* NMSA 1978, §4-46-1 (1876). Plaintiff concedes that Defendant DeLuna and Smith are correct and asks that he be granted leave to amend the Complaint for Damages to substitute the Board of Curry County Commissioners in place of Defendant Curry County Juvenile Detention Center. The Court finds that Plaintiff's request is well-taken and will permit Plaintiff to amend the Complaint for Damages to substitute the Board of Curry County Commissioners in place of Defendant Curry County Juvenile Detention Center.

Next, Defendants DeLuna and Smith argue that there is no basis for individual liability against them under Title VII. "'Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.'" *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)(quoting *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993)). These official capacity lawsuits are proper, however, only against employees acting in a supervisory role. *Id*. Although Plaintiff is apparently suing Defendants DeLuna and Smith in their supervisory roles, the Title VII claims against Defendants DeLuna and Smith in their individual capacities should be dismissed with

prejudice.[1]  In addition, the Court will *sua sponte* dismiss with prejudice the Title VII claims brought against Plaintiff's co-employee Defendant Jorgenson in her individual and official capacities because Plaintiff does not allege that Defendant Jorgenson acted in a supervisory role.[2] *See id.*

Moreover, Defendants DeLuna and Smith argue that since §1983 is the exclusive remedy against a state actor for claims arising under §1981, the Court should dismiss the §1981 claim with prejudice.  Plaintiff claims that

> Count I's section 1981 claim is properly before the Court, under the rule of *Bolden v,* [sic] *City of Topeka Kan.*, 441 F.3d 1129, 1134-1137 (10th Cir. 2006), that such claims against municipalities should be brought under section 1983.

Plaintiff' Response to DeLuna and Smith's Partial Motion to Dismiss (Response) (Doc. No. 14) at 2 (unnumbered page), filed April 26, 2007.  Although damages claims against state actors for §1981 claims must be brought under §1983, a plaintiff can nonetheless state a §1981 claim against a state actor by incorporating by reference that §1981 claim in a §1983 claim.  *Bolden*, 441 F.3d at 1137.  In this case, Plaintiff's §1983 claim explicitly incorporates by reference Plaintiff's §1981 claim.  *See* Complaint for Damages at ¶28.  Plaintiff's §1981 claim is, therefore, not subject to dismissal for failing to have been brought under §1983.

---

[1]The Court notes that Plaintiff failed to address Defendants DeLuna and Smith's argument regarding the lack of individual liability in Title VII cases.  Consequently, the Court could also conclude that Plaintiff concedes that Defendants DeLuna and Smith cannot be held individually liable under Title VII.  *See* D.N.M. LR-Cv 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

[2]A district court may *sua sponte* dismiss claims, "where it is 'patently obvious that the [party] could not prevail on the facts alleged, and allowing [it] an opportunity to amend [its counterclaims] would be futile.' " *Whitney v. New Mexico*, 113 F.3d 1170, 1174 (10th Cir.1997) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)).

Defendants DeLuna and Smith further assert that Plaintiff has not alleged in the Complaint for Damages the existence of a contract for purposes of a §1981 claim. Plaintiff admits that he has not specifically alleged the existence of a contract and requests leave to amend the Complaint for Damages to add that allegation. The Court will grant Plaintiff's request to amend the Complaint for Damages to allege the existence of an employment contract.

Finally, Defendants DeLuna and Smith contend that the Plaintiff cannot bring retaliation based claims under §§1983 and 1985(3) because a retaliation claim is better addressed by Title VII.[3] Defendants DeLuna and Smith are correct in contending that a plaintiff cannot bring a §1983 claim which is predicated upon a violation of Title VII. *See Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir. 1989). However, "[i]f a plaintiff can show a constitutional violation by someone acting under color of state law, then the plaintiff has a cause of action under Section 1983, regardless of Title VII's concurrent application." *Id*. In other words, a §1983 claim is proper if it is independent from a Title VII claim. "[A] §1983 claim is 'independent' from Title VII when it rests on substantive rights provisions *outside* Title VII-that is, when it rests on a constitutional right or a federal statutory right other than those created by Title VII." *Notari v. Denver Water Dept.*, 971 F.2d 585, 587 (10th Cir. 1992).

---

[3]Plaintiff properly observes that the elements of retaliation under Title VII are identical to the elements of retaliation under §1981. Response at 2 (citing *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098,1103 n.1 (10th Cir. 1998)). In fact, there is nothing improper in bringing both a Title VII claim and a §1981 claim based on the same factual allegations. *See Meade v. Merchants Fast Motorline, Inc.*, 820 F.2d 1124, 1127 (10th Cir. 1987)("plaintiff may properly pursue his cause of action under §1981 for private employment discrimination despite the applicability of Title VII to the same conduct.").

In this case, Plaintiff alleges in Count II that Defendants DeLuna, Smith, and Jorgenson, while acting under state law, violated Plaintiff's right to equal protection under the Fourteenth Amendment when they engaged in both racial discrimination and retaliation.  In the Tenth Circuit, "a §1983 claim of racial discrimination is independent of a statutory disparate treatment claim arising out of the same set of facts because the §1983 claim is substantively grounded in the Equal Protection Clause of the Fourteenth Amendment, whereas the disparate treatment claim flows from Title VII."  *Id.*  However, the Tenth Circuit has held that a theory of liability for retaliatory conduct based on an alleged violation of the right to equal protection is not cognizable under §1983 but instead supports a Title VII claim.  *See Maldonado v. City of Altus*, 433 F.3d 1294, 1308 (10th Cir. 2006), *overruled in part on other grounds by Burlington Northern and Santa Fe Ry. Co. v. White*, ___ U.S. ___, 126 S.Ct. 2405, 2414-15 (2006).  Hence, Plaintiff's retaliation claim brought under §1983 is subject to dismissal with prejudice.

It is clear that §1985(3) was not meant to be invoked to redress violations of Title VII.  *Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979).  Plaintiff argues that he has alleged sufficient facts to state a §1985(3) conspiracy claim which is independent of his Title VII retaliation claim.  Citing to *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 510 U.S. 1093 (1994), Plaintiff asserts that he meets the following elements of a conspiracy:  1) a conspiracy, 2) deprivation of Plaintiff's right to equal protection, 3) an act in furtherance of the conspiracy, and 4) a resulting injury or deprivation.  In his Complaint for Damages at ¶33, Plaintiff alleges the following in support of his §1985(3)

conspiracy claim:

> Defendants DeLuna and Jorgenson in conspiring together to coerce Inmate Salas to falsely report sexually inappropriate conduct of Terry Johnson intended to deprive him of equal privileges and immunities secured by the Fourteenth Amendment of the United States Constitution. In the act they were motivated by racial animus.

These allegations appear to state a §1985(3) conspiracy claim. However, Plaintiff's Title VII retaliation claim also specifically alleges "conspiring to cause a false charge against [Plaintiff ]" as an act of retaliation. Complaint for Damages at ¶40. In other words, the §1985(3) conspiracy claim attempts to redress an alleged violation of Title VII. Plaintiff's §1985(3) conspiracy claim, therefore, is not sufficiently independent of his Title VII retaliation claim to survive this partial motion to dismiss and should be dismissed with prejudice.

*D. Conclusion*

The following claims should be dismissed with prejudice: the Title VII claims against Defendants DeLuna and Smith in their individual capacities, the Title VII claims against Defendant Jorgenson in her individual and official capacities, the §1983 claim based on retaliation, and the §1985(3) conspiracy claim. Plaintiff, however, should be allowed to amend his Complaint for Damages to substitute the Board of Curry County Commissioners in place of Defendant Curry County Juvenile Detention Center and to allege the existence of an employment contract.

IT IS ORDERED that:

1. Defendants DeLuna and Smith's Partial Motion to Dismiss and Memorandum in Support (Doc. No. 11) is granted in part in that these claims will be dismissed with prejudice:

>   a. Plaintiff's Title VII claims against Defendants DeLuna and Smith in their individual capacities,

    b. Plaintiff's §1983 claim based on retaliation, and

    c. Plaintiff's §1985(3) conspiracy claim;

  2. the Title VII claims against Defendant Jorgenson in both her individual and official capacities will be *sua sponte* dismissed with prejudice; and

  3  Plaintiff may file an amended Complaint for Damages by June 15, 2007 in order to substitute the Board of Curry County Commissioners in place of Defendant Curry County Juvenile Detention Center and to allege the existence of an employment contract.

               /s/ James A. Parker
              SENIOR UNITED STATES DISTRICT JUDGE