IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRY JOHNSON,

      Plaintiff,

vs.                                        Civ. No.  07-58 JP/LFG

BOARD OF CURRY COUNTY
COMMISSIONERS, LUCY DeLUNA,
and RICHARD SMITH,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On July 6, 2007, Defendants Lucy DeLuna and Richard Smith filed Defendants DeLuna

and Smith's Partial Motion to Dismiss Equal Protection Claims in Counts I and II on the Basis of

Qualified Immunity and Memorandum in Support (Doc. No. 35).[1]  This partial motion to dismiss

only addresses Plaintiff's claims of racial hostile work environment brought against Defendants

DeLuna and Smith in Counts I and II of the First Amended Complaint for Damages (Doc. No.

21) (First Amended Complaint), filed June 12, 2007.[2]  Having reviewed the briefs[3] and relevant

---

[1]On August 21, 2007, the Court granted the individual Defendants' Unopposed Motion to
Dismiss Defendants from Counts III, IV, and V of the First Amended Complaint (Doc. No. 49).
Stipulated Order Dismissing Individuals from Counts III, IV, & V of the First Amended
Complaint (Doc. No. 50).  As a result of the August 21, 2007 dismissals, the only remaining
Counts against Defendants DeLuna and Smith are Counts I and II.

[2]Defendants DeLuna and Smith explicitly state that their partial motion to dismiss does
not pertain to the retaliation claims brought against them in Counts I and II.

[3]Plaintiff filed two responses to Defendants DeLuna and Smith's partial motion to
dismiss on July 9, 2007 (Doc. No. 37) and on July 20, 2007 (Doc. No. 43), respectively.  The
Plaintiff apparently filed the July 9, 2007 response in error because it contains arguments not
pertinent to Defendants DeLuna and Smith's partial motion to dismiss.  Consequently, the Court
will only consider the July 20, 2007 response.

law, the Court concludes that Defendants DeLuna and Smith's partial motion to dismiss should be granted and that the racial hostile work environment claims raised in Counts I and II of the First Amended Complaint should be dismissed with prejudice as to Defendants DeLuna and Smith in their individual and official capacities.  Furthermore, any other official capacity lawsuits brought against Defendants DeLuna and Smith under Counts I and II of the First Amended Complaint should be dismissed with prejudice.

A.  Background

This is an employment discrimination and retaliation case.  Plaintiff is an African-American who was employed at the Curry County Juvenile Detention Center for eight years as a detention officer before resigning from his employment.  Plaintiff brings this lawsuit against the Board of Curry County Commissioners (Board), and Defendants DeLuna and Smith in both their official and individual capacities.[4]

Plaintiff alleges that on June 6, 2005 Defendant Lucy DeLuna became head administrator of the Curry County Juvenile Detention Center.  Plaintiff then alleges that on July 9, 2005 June Jorgenson, a detention officer, made disparaging remarks about African-Americans.[5]  According to Plaintiff, he complained about the offensive language on August 1, 2005 and stated to Defendant DeLuna that he had contacted the Equal Employment Opportunity Office about the use of that kind of language in the workplace.  Plaintiff contends that sometime during

_____

[4]Plaintiff had also sued June Jorgenson but the Court has dismissed Plaintiff's claims against her.  Stipulated Order Dismissing Individuals from Counts III, IV & V of the First Amended Complaint (Doc. No. 50); Order Dismissing with Prejudice Counts I and II Against Defendant Jorgenson (Doc. No. 52).

[5]Plaintiff alleges that Jorgenson stated "that 'my brother-in-law is a straight up nigger' and when an African American guard protested she stated: 'my brother-in-law is a nigger, and a nigger is a nigger.'" First Amended Complaint at ¶11.

September 2005 Defendant DeLuna posted a memo on the bulletin board at the Curry County

Juvenile Detention Center which stated that Plaintiff was under investigation and would,

therefore, be placed on the day shift while the investigation was pending.

Plaintiff further asserts that he complained to Defendant Smith, the Curry County

Manager, about the racial bias and discriminatory policies at the Curry County Juvenile

Detention Center.  Plaintiff alleges that he told Defendant Smith he was going to file an Equal

Employment Opportunity Commission complaint and that, thereafter, Defendant Smith placed

Plaintiff on administrative leave for three days.

Plaintiff also alleges that on October 13, 2005 he learned that both Defendant DeLuna

and Jorgenson had been trying to bribe juvenile detainee, Orlando Salas, with extra privileges if

Salas would file a false grievance against the Plaintiff accusing him of improper sexual conduct

with a female juvenile detainee.[6]  According to Plaintiff, Salas verified that these actions had

occurred.  Plaintiff claims that although he complained to Assistant County Manager Lance Pyle

about these bribery attempts, Defendant DeLuna continued in her employment.  Plaintiff

subsequently resigned from his employment allegedly as a result of the emotional stress created

by the Defendants' actions.

Plaintiff's remaining claims for damages are as follows: 1) Plaintiff brings in Count I a

42 U.S.C. §1981 racial discrimination and retaliation claim against the Board, Defendant

DeLuna, and Defendant Smith; 2) Plaintiff brings in Count II a 42 U.S.C. §1983 Fourteenth

---

[6]Although it is not clear from the First Amended Complaint how many times Defendant DeLuna allegedly tried to bribe Salas into filing a false grievance against Plaintiff, Plaintiff's Response to Defendants DeLuna and Smith's Partial Motion to Dismiss Equal Protections Claims on Qualified Immunity Grounds (Doc. No. 43) at 2 mentions only two occasions when Defendant DeLuna attempted to bribe Salas.

Amendment equal protection claim against the Board, Defendant DeLuna, and Defendant Smith; 3) Plaintiff brings in Count III a Title VII racial discrimination claim against the Board; 4) Plaintiff brings in Count IV a Title VII retaliation claim against the Board; and 5) Plaintiff brings in Count V a New Mexico Human Rights Act claim of racial discrimination and retaliation against the Board.

Defendants DeLuna and Smith bring their partial motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Defendants DeLuna and Smith argue that the Court should dismiss with prejudice the claims of racial hostile work environment brought against them in Counts I and II because they are entitled to qualified immunity on those claims.  The Court notes that the defense of qualified immunity applies only to defendants sued in their individual capacities.  *See Kirkland v. St. Vrain Valley School Dist. No. Re-1J*, 464 F.3d 1182, 1187 n.2 (10th Cir. 2006)(citations omitted).

B.  Discussion

    1.  Rule 12(b)(6) Standard of Review

The United States Supreme Court recently revisited the traditional Rule 12(b)(6) standard of review in *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S.Ct. 1955 (2007) and *Erickson v. Padrus*, ___ U.S. ___, 127 S.Ct. 2197 (2007).  In response to *Bell Atlantic* and *Erickson*, the Tenth Circuit has articulated a somewhat modified standard of review reflecting the holdings in those two cases:

> In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint." *Alvarado v. KOB-TV, L.L.C.*, No. 06-2001, 493 F.3d 1210, 1215 (10th Cir.2007). In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Id. at 1215 n. 2. Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, ---U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Kay v. Bemis*, --- F.3d ----, 2007 WL 2694053 (10th Cir.).  The Courts, however, continue to

accept "all well-pleaded allegations as true and view[] them in the light most favorable to [the

plaintiff]."  *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006)(citation omitted).

    2.  Qualified Immunity and Plaintiff's Individual Capacity Lawsuits Against Defendants
DeLuna and Smith

    When a defendant raises qualified immunity in a Rule 12(b)(6) motion to dismiss, "the

plaintiff must carry the burden of establishing that the defendant violated clearly established

law."  *Lybrook v. Members of Farmington Mun. Schools Bd. of Educ.*, 232 F.3d 1334, 1337

(10th Cir. 2000)(citing *Breidenbach v. Bolish*, 126 F.3d 1288, 1291 (10th Cir.1997)).  In making

this qualified immunity analysis

> a court must first determine whether the plaintiff has alleged a violation of federal law. *Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir.2004). If the answer is "yes," then the court must decide whether the right was clearly established when the alleged violation occurred. *Id.; see also Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir.2003). To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir.1995) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Although the very conduct in question need not have been held unlawful, "in the light of pre-existing law the unlawfulness must be apparent." *Id*. If a plaintiff fails to demonstrate that a defendant's conduct violated the law, then we need not reach the additional question of whether the law was clearly established. *Butler v. Rio Rancho Pub. Schs. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir.2003).

*Marino v. Mayger*, 118 Fed. Appx. 393, 398 (10th Cir. 2004)(footnote omitted).

    Defendants DeLuna and Smith argue that they are entitled to qualified immunity with

respect to any racial hostile work environment claims raised in Counts I and II. The Court notes

that Title VII employment discrimination standards apply to racial employment discrimination

cases brought under either §1981 or §1983.  *Maldonado v. City of Altus*, 433 F.3d 1294, 1307

(10th Cir. 2006), *abrogated on other grounds by Burlington Northern and Santa Fe Ry. Co. v.

White*, ___ U.S. ___, ___, 126 S.Ct. 2405, 2414-15 (2006).  To establish a racially hostile work

environment under Title VII, a plaintiff must allege facts which show

> that under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, ... and (2) the harassment was racial or stemmed from racial animus.  General harassment if not racial ... is not actionable.  The plaintiff must show "'more than a few isolated incidents of racial enmity.'"

*Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994), *cert. denied*, 516 U.S. 826

(1995)(citations omitted).  Furthermore, factors to examine in determining the existence of a

racial hostile work environment may include "'the frequency of the discriminatory conduct; its

severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and

whether it unreasonably interferes with an employee's work performance.'" *Nieto v. Kapoor*,

268 F.3d 1208, 1218 (10th Cir. 2001)(quoting *Harris v. Forklift System, Inc.*, 510 U.S. 17, 23

(1993)).  Finally, "a claimant in a hostile environment harassment case must show that the

environment would be reasonably perceived (objectively), and is perceived (subjectively), as

hostile or abusive."  *Id*. at 1220 (citing *Harris*, 510 U.S. at 21).

        In this case, Plaintiff alleges that Defendant DeLuna placed him under investigation and

that Defendant DeLuna attempted to bribe Salas to file a false grievance on what appears to have

been two occasions.  Defendant DeLuna argues that these allegations, if true, do not demonstrate

pervasive or severe actions based on racial animus and therefore, fail to state a claim of racial

hostile work environment.  The Court agrees with Defendant DeLuna.  First, Plaintiff does not

allege in the First Amended Complaint that Defendant DeLuna acted with racial animus.

Second, having viewed the totality of the alleged circumstances, a reasonably objective person

would not perceive  Defendant DeLuna's alleged actions as either pervasive or severe enough for

the purpose of creating a hostile work environment based on racial enmity.

With respect to Defendant Smith, Plaintiff alleges that Defendant Smith placed Plaintiff on administrative leave for three days.  Defendant Smith argues that this one action does not amount to a pervasive or severe action based on racial animus sufficient to establish a hostile work environment.  As with Defendant DeLuna, Plaintiff does not allege that Defendant Smith acted with any racial animus.  Again, having viewed the totality of the alleged circumstances, a reasonably objective person would not perceive Defendant Smith's action as either pervasive or severe enough to constitute a racially hostile work environment.  In sum, the Plaintiff has not alleged a plausible racial hostile work environment claim against either Defendant DeLuna or Defendant Smith under §§1981 and 1983.  Hence, Defendants DeLuna and Smith are entitled to qualified immunity regarding the §§1981 and 1983 racial hostile work environment claims brought against them in their individual capacities.

3.  Plaintiff's Official Capacity Lawsuits Against Defendants DeLuna and Smith

The Court *sua sponte* considers whether the §1981 and §1983 claims against Defendants DeLuna and Smith in their official capacities should likewise be dismissed with prejudice.[7] Suing an individual defendant in an official capacity is the same as suing the governmental entity which the individual defendant serves.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989)("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. ... As such, it is no different from a suit against the State itself.")(citation omitted). Consequently, the §1981 and §1983 claims against

_____

[7]A district court may *sua sponte* dismiss a plaintiff's claim under Fed. R. Civ. P. 12(b)(6) if "'it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  *Smith v. New Mexico*, 94 Fed. Appx. 780, 781 (10th Cir.), *cert. denied*, 125 S.Ct. 360 (2004)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)).

Defendants DeLuna and Smith in their official capacities are redundant of the §1981 and §1983 claims brought against the Board.  Moreover, the United States Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of §1983.  *Id.*  For these reasons, the Plaintiff cannot sue Defendants DeLuna and Smith in their official capacities under §§1981 and 1983.  Plaintiff's official capacity claims against Defendants DeLuna and Smith will, therefore, be dismissed with prejudice.

IT IS ORDERED that:

1.  Defendants DeLuna and Smith's Partial Motion to Dismiss Equal Protection Claims in Counts I and II on the Basis of Qualified Immunity and Memorandum in Support (Doc. No. 35) is granted;

2.  the racial hostile work environment claims brought in Counts I and II of the First Amended Complaint will be dismissed with prejudice as they pertain to Defendants DeLuna and Smith in their individual and official capacities; and

3.  any other official capacity lawsuits brought against Defendants DeLuna and Smith in Counts I and II of the First Amended Complaint will be dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE